**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Larry L. Moore, | ) | No. CV 09-1461-PHX-GMS (JRI) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Jaime Hindmarch, et al., | ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court in this closed case is Plaintiff's pleading entitled "Request For: C.O.A. Certification Of Appealability" (Doc. 11), which the Court will deny.

**I.      Procedural Background**

On July 14, 2009, Plaintiff Larry L. Moore, who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff did not pay the $350.00 civil action filing fee but filed a deficient Application to Proceed *In Forma Pauperis* (Doc. 3). By Order filed July 27, 2009 (Doc. 4), the Court denied the Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days to pay the fee or file a new, completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

On July 29, 2009, Plaintiff filed a "Request For: Transcripts And Filed Motions In Superior Court" (Doc. 5), which the Court denied without prejudice by Order filed August 12, 2009 (Doc. 6). On August 13, 2009, Plaintiff filed a new Application to Proceed *In*

*Forma Pauperis* (Doc. 7), which included a six-month trust account statement.

By Order filed January 7, 2010 (Doc. 8), the Court granted the new Application to Proceed In Forma Pauperis (Doc. 7) and dismissed the Complaint (Doc. 1) and this action for failure to state a claim upon which relief may be granted. Judgment was entered on January 7, 2010 (Doc. 10).

## II. Request for Certificate of Appealability

On July 16, 2010, Plaintiff filed his "Request For: C.O.A. Certification Of Appealability" (Doc. 11) (Request), in which he states that "[t]his is a request for Certification of Appealability (C.O.A.). Petitioner [is] appealing the District Court's Judgment, to file a 'Notice of Appeal' to a higher court."

Because a certificate of appealability is not required to appeal the dismissal and entry of judgment in a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983, the Court will construe Plaintiff's Request as a request for a certification that any appeal in this action would be taken in good faith pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure. After reviewing Plaintiff's Complaint (Doc. 1) and the Court's January 7, 2010 Order (Doc. 8) dismissing the Complaint and this action for failure to state a claim upon which relief may be granted, the Court will deny Plaintiff's Request and certify that any appeal in this matter would not be taken in good faith.

In so doing, the Court notes that Plaintiff has not filed a Notice of Appeal in this matter and that Plaintiff's Request was filed over six months after Judgment (Doc. 10) was entered in this matter. Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiff was required to file an Notice of Appeal of the Court's Judgment in this matter within 30 days after the Judgment was entered. Accordingly, any Notice of Appeal of the Court's Judgment that Plaintiff may file in future in this matter would be untimely.

**IT IS ORDERED:**

(1)     Plaintiff's "Request For: C.O.A. Certification Of Appealability" (Doc. 11), which the Court **construes** as a request to for a certification that any appeal in this action

1   would be taken in good faith pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate
2   Procedure, is **denied**.

3       (2)     The Court **certifies** pursuant to Rule 24(a)(3)(A) of the Federal Rules of
4   Appellate Procedure that any appeal of the Court's Judgment in this matter would **not** be
5   taken in good faith.

6       (3)     This case **must remain closed**.

7       DATED this 18th day of August, 2010.

G. Murray Snow
United States District Judge